IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SONIA JASSO, *Plaintiff* | § § § § | |
| v. | § § § | CIVIL ACTION NO. _____ <br> JURY DEMANDED |
| BARAKAT GROUND, INC; AND ABDALLAH M. HAMDEN, *Defendants* | § § § § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

**NOW COMES,** Sonia Jasso, hereinafter referred to as Plaintiff, complaining of Defendants, Barakat Ground, Inc. and Abdallah M. Hamden, and in support thereof would show the Court as follows:

### **I. VENUE AND JURISDICTION**

1.1   Plaintiff, Sonia Jasso, (hereafter "Jasso") is a resident of the State of Texas.

1.2   Defendant, Barakat Ground, Inc. (hereinafter "Defendant Barakat Ground"), is a corporation formed in and under the laws of the State of Illinois and may be served with process by serving its registered agent, IRP Express, Inc. at 7263 S Harlem Ave, Bridgeview, IL 60455. Service of citation (with attached pleading) and thus proper notice of this legal proceeding is hereby requested.

1.3   Defendant Abdallah M. Hamden (hereinafter "Defendant Hadden") is a resident of Channahon, Will County, Illinois and may be served with process at his address of 26335 W Arbor Ln. Defendant Abdallah M. Hamden (hereinafter "Defendant Hamden") is a resident of Channahon, IL. 60410. Service of citation (with attached pleading) and thus proper notice of this legal proceeding is hereby requested.

1.4  The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

1.5  Diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332. The incident, which is the subject of this complaint, occurred in the County of Webb, State of Texas.

## II. NATURE OF THE CASE

2.1  On or about May 4, 2020, Defendant Hadden was operating a Freightliner semi-tractor and trailer bearing US DOT Number 203287 and Ohio license plate PWC9576 in the loading dock of Cold Terminal of Laredo, LLC. located at 602 Union Pacific Blvd, Laredo, Texas 78045.

2.2  At this time, Hamden was an employee of Barakat Ground, Inc.

2.3  At this time, the semi-tractor and trailer were being operated by Barakat Ground, Inc. and Hamden.

2.4  Barakat Ground, Inc. had entrusted Hamden to operate the semi-tractor and trailer.

2.5  Upon arriving to Cold Terminal of Laredo, LLC, Hamden was instructed to back his tractor and trailer to the docking station and to wait for the trailer to be loaded.

2.6  When Hamden was operating the semi-tractor and trailer, he knew and was aware that Jasso was operating a forklift and would be loading materials onto the trailer.

2.7  As Jasso was entering the trailer to load materials, Hamden disregarded a red light from dock without warning started to pull the semi-tractor and trailer forward and away from the dock and platform.

2.8     As a result of Hamden pulling the semi-tractor and trailer away from the dock Jasso fell off the trailer along with forklift and landed on the ground. Damages were visible on the forklift.

2.9     Jasso was not at fault in this incident.

2.10    Jasso suffered severe personal injuries as a result of the incident.

2.11    When Hamden was operating his semi-tractor and trailer, Hamden failed to use the ordinary level of care that would have been used by a person of ordinary prudence under the same or similar circumstances.

2.12    Moving a semi-tractor trailer forward while a person is operating a forklift and loading materials inside the trailer is extremely risky in light of the potential harm to others.

2.13    When Hamden was operating his semi-tractor and trailer, Hamden would have been aware that pulling a Semi-Tractor trailer forward while a person is operating a forklift and loading material inside of the trailer is extremely risky in light of the potential harm to others.

2.14    Hamden's conduct while operating the semi-tractor and trailer was a proximate cause of the crash.

2.15    Hamden's conduct while operating the semi-tractor and trailer was grossly negligent.

2.16    Barakat Ground is vicariously liable for all negligent acts and omissions alleged herein to have been perpetrated by Barakat Ground's agents, servants, and employees.

2.17    There was no unforeseen "new and independent cause," as that phrase is understood in the law, which destroyed the causal connection between Hamden's

conduct and the incident between the semi-tractor and trailer and the forklift Jasso was operating.

2.18   There was no "act of God," as that phrase is understood in the law, which caused the incident between the semi-tractor and trailer and the forklift Jasso was operating.

2.19   The incident between the semi-tractor and trailer and the forklift Jasso was operating was not an "unavoidable accident," as that phrase is understood in the law.

### III. CAUSES OF ACTION
### BARAKAT GROUND, INC

#### *COUNT I: NEGLIGENCE*

3.1   Barakat Ground committed acts of omission and commission that collectively and severally constituted negligence and were a proximate cause of Plaintiff's injuries and damages.

3.2   Defendant, Barakat Ground, was negligent in one or more of the following aspects:

    A.   Negligent hiring;

    B.   Negligent entrustment;

    C.   Negligent driver qualifications;

    D.   Negligent training and supervision;

    E.   Negligent retention;

    F.   Negligent contracting; and

    G.   Negligent maintenance.

3.3   Defendant, Barakat Ground, entrusted the vehicle to Defendant, Abdallah M. Hamden, on the date in question. At the time of the entrustment, Abdallah M. Hamden, was an incompetent and/or reckless driver. Defendant, Barakat Ground, knew

or should have known that Abdallah M. Hamden was an incompetent and/or reckless driver.  Abdallah M. Hamden was negligent on the occasion in question.  Abdallah M. Hamden's negligence proximately caused Plaintiff's injuries and damages.

### *Respondeat Superior*

3.4    Defendant, Abdallah M. Hamden, is alleged at all times of the events described in the petition to be an employee, agent, representative and/or servant of Defendant, Barakat Ground. As such, Defendant, Barakat Ground, is liable for their acts and omissions under the doctrine of *respondeat superior*. Additionally, Defendant, Barakat Ground, is responsible for the acts or omissions and/or *per se* negligent acts or omissions of Defendant, Abdallah M. Hamden, under 49 C.F.R. 1057.

3.5    Plaintiff alleges that Defendant, Barakat Ground was negligent and that such negligence was a proximate cause of the accident.  Such negligence includes, but is not limited to, failure to properly train its drivers and failure to establish an adequate safety program.

3.6    Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

### IV.  CAUSES OF ACTION
### ABDALLAH M. HAMDEN

#### *COUNT I: NEGLIGENCE*

4.1    The incident described above, and the resulting injuries and damages suffered by Plaintiff, were proximately caused by the negligent conduct of Abdallah M.

Hamden in one or more of the following respects:

    A.    Imperilling others by failing to heed policies, procedures, and proper safety protocols, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

    B.    In operating a Semi-Tractor and trailer in wilful or wanton disregard for the safety of others;

    C.    In failing to maintain a proper lookout while operating a Semi-Tractor and trailer, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

    D.    Failing to take proper action to avoid the incident;

    E.    In that Defendant, Hamden pulled his Semi-Tractor trailer forward while Jasso was operating a forklift inside the trailer.

4.2    Each of the aforementioned negligent acts and/or omissions of Defendant Hamden constitute negligence. Defendant Hamden's negligence was a proximate cause of the crash in question and a cause of Plaintiff's injuries and damages.

## V.  LEGAL DAMAGES AND RECOVERIES TO COMPENSATE PLAINTIFF

5.1    At the time of his injuries, Plaintiff, Sonia Jasso, was in reasonably good health with a normal life expectancy.

5.2    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered and will continue to suffer a tremendous amount of pain and mental anguish. Plaintiff seeks all just and right remedies at law and in equity, including but not limited to:

    A.    Reasonable medical care and expenses in the past.

    B.    Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future.

    C.    Loss of earnings in the past.

    D.    Loss of earnings and earning capacity, which will, in all probability, be incurred in the future.

    E.    Mental anguish in the past.

    F.    Mental anguish, which will, in all probability, be incurred in the future.

    G.    Pecuniary loss in the past.

    H.    Pecuniary loss in the future, which will in all probability, be incurred in the future.

    I.    Disfigurement in the past.

    J.    Disfigurement, which will, in all probability, be incurred in the future.

    K.    And all other legal damages and just and right compensation as allowed both in law and in equity.

5.3    All losses, harm, and legal damages suffered by Plaintiff were caused by, and proximately caused by, Defendants' negligent acts and/or omissions (some of which are listed herein). For all such claims and losses, Plaintiff now sues.

5.4    Plaintiff, Sonia Jasso requests monetary damages and punitive damages against the Defendants in amounts to be fixed by the trier of fact to be just and reasonable, for pre and post-judgment interest, for court costs and for all other appropriate relief.

## VI.
### PLAINTIFF'S MAXIMUM DAMAGES

6.1    Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff states that she will not seek in excess of Five Million Dollars ($5,000,000.00) for all the damages claimed by Plaintiff. Plaintiff further states that the decision as to what is fair compensation in this case is best left to the discretion of the jury after all of the evidence is presented at trial.

## VII.
### REQUESTS FOR DISCLOSURE

7.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(k).

## VIII.
### INTERROGATORY REQUESTING DISCLOSURE OF ALL WHO MAY BE DESIGNATED AS A RESPONSIBLE THIRD PARTY

8.1    The following interrogatory is intended to confirm an obligation to disclose any entity that "may be designated as a responsible third party" as that phrase is used in section 33.004(d) of the Texas Civil Practice and Remedies Code and as used in Texas Rule of Civil Procedure 194.2(l):

Interrogatory No. 1:  Please identify any entity which may be designated as "a responsible third party" as that term is used in section 33.004 of the Texas Civil Practice and Remedies Code by listing (a) the entities' name or names, (b) the entities' addresses and telephone numbers and other contact information, (c) the entities' registered agents for service if any, (d) the county of the entities' principal office in this state if any, (e) the states that the entities are believed to be "citizens" of as that word is used in 28 United States Code section 1332, (f) the duties which such entities are believed to have breached, (g) any acts and omissions and product defects which are believed to have breached those duties, and (h) the contentions about the entities which would confirm that the designation of those entities as a responsible third party would not be groundless to the best of the designating counsel's "knowledge, information, and belief formed after reasonable inquiry" as that phrase is used in Texas Rule of Civil Procedure

### IX. JURY DEMAND

8.1	Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendants, for compensatory damages in an amount within the jurisdictional limits of the Court; for exemplary damages; for all pre-judgment and post-judgment interest as allowed by law and equity; for all costs of court; and for such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**GOWAN ELIZONDO, LLP**
555 N. Carancahua, Ste 1400
Corpus Christi, Texas 78401
Telephone: 361.651.1000
Facsimile: 361.651.1001

*/s/ Christopher A. Garza*
Luis A. Elizondo
Texas Bar No. 06521550
lelizondo@gelawfirm.com
Christopher A. Garza
Texas Bar No. 24084241
cgarza@gelawfirm.com
Rosaura "Wawi" Tijerina
Texas Bar No. 20030075
wawi-tijerina@hotmail.com
*\*Attorneys for Plaintiff*